Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| Christine Gralow, | Case No. |
|---|---|
| Plaintiff, | **COMPLAINT** |
| v. | |
| Milton R. Kreb and Whitney L. Miller Kreb, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff Christine Gralow ("Plaintiff") alleges:

## INTRODUCTION

1. Plaintiff brings this action against Defendants Milton R. Kreb and Whitney L. Miller Kreb (collectively "Defendants") for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability/handicap and denying Plaintiff equal access to the dwelling / housing accommodation ("Accommodation") located at 230 Monterey Avenue in Capitola, California, specifically Unit D, which Defendants own, operate, or otherwise control.

## PARTIES

2. Plaintiff is a natural person. At all times relevant to this Complaint, Plaintiff is and has been considered disabled and handicap.

3. Defendants own, manage and/or operate the Accommodation.

## THE ACCOMODATION

4. The Accommodation is a building, structure, or portion thereof, which is intended for

occupancy as a residence by one or more families.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343.

6. Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under California state law.

7. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the Accommodation is within this judicial district and Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

8. Plaintiff suffers from a disability and/or medical condition(s) that is/are a disability.

9. Plaintiff suffers from, among other things, post-traumatic stress disorder. Plaintiff's symptoms limit, some substantially, Plaintiff's major life activities.

10. Plaintiff utilizes an assistance animal to address the challenges resulting from Plaintiff's symptoms and to help alleviate the symptoms. Plaintiff deals with the symptoms on a daily basis.

11. Plaintiff rents a unit at the Accommodation, real property commonly known as 230 Monterey Avenue, Unit D, in Capitola, California. Defendants own the real property and lease it to Plaintiff.

12. Plaintiff has always paid her rent on time and has been a model tenant.

13. Defendants have instituted a "no pets" policy at the property.

14. Because Plaintiff's assistance animal is a working animal, and not a pet, Plaintiff did not disclose her assistance animal to Defendants upon moving into the property.

15. However, recently Defendants learned of Plaintiff's assistance animal.

16. After learning of Plaintiff's assistance animal. Defendants' property manager started making intrusive inquiries into Plaintiff's assistance animal and medical condition.

17. Defendants' property manager also told Plaintiff that she would need to provide private medical documentation in order for the assistance animal to remain at the property.

18. On November 1, 2022, Defendants provided Plaintiff with a 30-day notice to quit/vacate the premises.

19. Defendants' notice instructed Plaintiff to leave the property under the threat of eviction.

20. Defendants' notice further threatens the imposition of damages, costs, and attorney's fees if she does not leave the property.

21. Plaintiff is informed and believes, and on that basis alleges, that the sole reason Defendants are evicting Plaintiff from the property is because of the presence of her assistance animal.

22. Plaintiff has been injured as result of Defendants' conduct, including, but not limited to, emotional distress, frustration, and embarrassment.

## FIRST CAUSE OF ACTION

Violations of the Fair Housing Act

42 U.S.C. §§ 3601 *et seq.*

All Defendants

23. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

24. The Accommodation was and is a dwelling.

25. Plaintiff's animal was and is an assistance animal.

26. Plaintiff is handicapped.

27. Defendants rent and have rented out buildings or structures, or a portion thereof, occupied as or designed or intended for occupancy as a residence by one or more families.

28. Defendants discriminated against Plaintiff in the terms, conditions, and/or privileges in of the dwelling because of Plaintiff's handicap, including refusing to make reasonable accommodation in rules, policies, practices, and/or services when such accommodations are necessary to afford Plaintiff equal opportunity to use and enjoy a dwelling.

29. Defendants have discriminated against, or otherwise made unavailable or denied, a dwelling to Plaintiff because of Plaintiff's handicap and the use of an assistance animal.

30. Moreover, Defendants' actions constitute harassment.

31. Lastly, Defendants have failed to engage in an interactive process to discuss Plaintiff's

disability-related need for accommodation and possible alternative accommodations.

32. Plaintiff seeks actual damages, punitive damages, an injunction, reasonable attorney's fees and costs, including expert witness fees if applicable, and any other such relief the court deems appropriate.

## SECOND CAUSE OF ACTION

Violations of the California Fair Employment and Housing Act

Cal. Gov. Code §§ 12900 *et seq.*

All Defendants

33. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

34. The Accommodation was and is a housing accommodation.

35. Defendants own, manage, and/or operate buildings or structures, or a portion thereof, occupied as or designed or intended for occupancy as a residence by one or more families.

36. It is unlawful for Defendants to discriminate against Plaintiff because of Plaintiff's disability.

37. Defendants intentionally discriminated against Plaintiff because of Plaintiff's disability.

38. Defendants have harassed Plaintiff on the basis of her disabilities.

39. Defendants have made unavailable or otherwise denied full and equal access to a dwelling to Plaintiff on the basis of her disabilities.

40. Defendants' policy of denying persons with assistance animals full and equal access had a discriminatory effect against people with disabilities, such as Plaintiff.

41. Moreover, Defendants' actions constitute harassment.

42. Defendants have refused to provide a reasonable accommodation to Plaintiff.

43. Plaintiff has been injured as result of Defendants' conduct, including, but not limited to, emotional distress, difficulty, and embarrassment.

44. Plaintiff seeks actual damages, punitive damages, an injunction, reasonable attorney's fees and costs, including expert witness fees if applicable, and any other such relief the court deems appropriate.

# THIRD CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

All Defendants

45. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

46. The Accommodation is a business establishment.

47. Defendants intentionally discriminated against Plaintiff because of Plaintiff's disability.

48. Defendants' acts and omissions with regard to the discriminatory treatment of Plaintiff, on the basis of Plaintiff's disabilities, have been in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied to Plaintiff's right to full and equal accommodations, advantages, facilities, privileges, or services in (a) business establishment(s).

49. Plaintiff was harmed.

50. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

51. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof, and Plaintiff seeks the same.

52. Plaintiff also seeks to enjoin Defendants from violating disabled persons' rights.

# PRAYER

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Defendants to cease discrimination against disabled persons and remove all accessibility policy barriers that relate to Plaintiff's disability;

2. Damages including actual damages in an amount to be proven at trial, in no event less than $75,000, or the applicable minimum statutory damages, whichever is greater;

3. Punitive damages;

4. Attorney's fees pursuant to 42 U.S.C. § 3613, California Civil Code § 52, California Government Code § 12965, Code of Civil Procedure § 1021.5 and/or other statute;

5. Expenses;

6. Costs of suit; and

7. Other relief that the court deems appropriate.

Dated: November 14, 2022						Law Office of Rick Morin, PC

_____
By: Richard Morin
Attorney for Plaintiff